LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs,*
*FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ANAKARINA AVILEZ,
o*n behalf of herself,*
*FLSA Collective Plaintiffs, and the Class,*

        Plaintiff,

        v.

BTTR BEAUTY LLC
    d/b/a TOMY RIVERO BEAUTY LAB NAIL
    SALON,
and TOMY RIVERO,

        Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

    Plaintiff ANAKARINA AVILEZ ("Plaintiff AVILEZ") ("Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this class and collective action Complaint against Defendants BTTR BEAUTY LLC d/b/a TOMY RIVERO BEAUTY LAB NAIL SALON ("Corporate Defendants"), and TOMY RIVERO ("Individual Defendant," and together with Corporate Defendant, "Defendants"), and states as follows:

1

**INTRODUCTION**

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that she is entitled to recover from Defendants: (1) unpaid wages, (2) unpaid overtime premiums, (3) unpaid wages, including overtime, due to time shaving, (4) liquidated damages, and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she is entitled to recover from Defendants: (1) unpaid wages, (2) unpaid overtime premiums, (3) unpaid wages, including overtime, due to time shaving, (4) unpaid spread of hours premiums, (5) statutory penalties, (6) liquidated damages, and (7) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the events giving rise to this Complaint took place in this District.

**PARTIES**

5. Plaintiff ANAKARINA AVILEZ is a resident of Bronx County, New York.

6. Corporate Defendant BTTR BEAUTY LLC d/b/a TOMY RIVERO BEAUTY LAB NAIL SALON is a domestic limited liability company organized under the laws of the State of New York with an address for service of process at 4871 Broadway Apt #2L, New York, NY 10034 and a principal place of business at 4066 Broadway, New York, NY 10032. Corporate Defendant is a salon and spa located in New York City.

7. Individual Defendant, TOMY RIVERO, is the owner of Corporate Defendant. TOMY RIVERO exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs, and Class Members. TOMY RIVERO had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee work schedules, and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs, and Class Members. At all relevant times, employees could complain to TOMY RIVERO regarding any of the terms of their employment, and TOMY RIVERO would have the authority to effect any changes to the quality and terms of their employment. TOMY RIVERO ensured that employees effectively served customers and exercised functional control over the business and financial operations of Corporate Defendants. TOMY RIVERO had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class Members and could reprimand employees

8. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL and the Regulations thereunder.

9. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members were directly essential to the businesses operated by Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

10. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including but not limited to receptionists, nail technicians, wax specialists, lash technicians, massage and body workers, makeup artists, and estheticians among others, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

11. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their lawful wages, overtime premiums, and their proper wages, including overtime, due to time shaving, The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

12. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

13. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including but not limited to receptionists, nail technicians, wax specialists, lash technicians, massage and body workers, makeup artists, and estheticians among others, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

14. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For

purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

15.     The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

16.     Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay proper wages, (ii) failing to pay proper overtime premiums, (iii) failing to pay wages, including overtime, due to time shaving, (iv) failing to pay spread of hours premium, (v) failing to provide Class members with proper wage statements with every payment of wages, and (vi) failing to properly provide wage notices to Class members, at date of hiring and annually, per requirements of the NYLL.

17.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future

employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendants employed Plaintiff and the Class within the meaning of the NYLL;

    b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class members;

    c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

    d. Whether Defendants properly notified Plaintiff and the Class members of their hourly rates and overtime rates;

    e. Whether Defendants paid Plaintiff and Class members their proper under the NYLL;

    f. Whether Defendants paid Plaintiff and Class members their proper overtime premiums under the NYLL;

    g. Whether Defendants caused time shaving by paying Plaintiff and Class members only for those hours which they were scheduled to work, rather than for the actual hours that they worked;

    h. Whether Defendants paid Plaintiff and Class members their spread of hours premium for days worked in excess of ten (10) hours per workday;

  i. Whether Defendants provided proper wage notice, at date of hiring and dates of all wage changes thereafter, to all non-exempt employees per requirements of the NYLL; and

  j. Whether Defendants provided proper wage statements for each pay period to Plaintiff and Class Members, and whether those wage statements properly stated Plaintiff's compensation for all hours worked in accordance with NYLL.

## STATEMENT OF FACTS

22. In or about June 2021, Plaintiff AVILEZ was hired by Defendants to work as a receptionist at Defendants' salon and spa located at 4066 Broadway, New York, NY 10032. Plaintiff AVILEZ worked for Defendants until approximately November 19, 2021.

23. Throughout her employment with Defendants, Plaintiff AVILEZ was regularly scheduled to work approximately sixty-three (63) hours per week from 8:30 a.m. to 5:00 p.m. for six (6) days a week.

24. Throughout her entire employment with Defendants, Plaintiff AVILEZ was always paid fifteen dollars ($15) per hour by personal check. However, Defendants did not pay Plaintiff AVILEZ any of her wages for the last three weeks of her employment.

25. From the beginning of her employment until in or around September 2021, Plaintiff was not paid for all her overtime hours worked because she was paid at a straight time rate during this period.

26. Throughout her employment, Plaintiff AVILEZ was required to clock out for thirty (30) minute meal break. However, daily Plaintiff AVILEZ had to work through her meal break. Therefore, Plaintiff GARCIA engaged in unpaid off-the-clock work for about thirty (30) minutes

each day. FLSA Collective Plaintiffs, and Class members similarly engaged in unpaid-off-the-clock work.

27. At all relevant times, Plaintiff AVILEZ worked days that exceed ten (10) hours in length, but Defendants unlawfully failed to pay Plaintiff AVILEZ her spread of hours premium for workdays that exceeded ten (10) hours in length. Class members similarly did not receive their spread of hours premium for workdays that exceeded ten (10) hours in length.

28. At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime rate of time and one half of their regular hourly rate for each hour exceeding forty (40) hours per workweek in violation of the FLSA and NYLL.

29. Plaintiff and Class members did not receive wage statements that were in compliance with NYLL. Plaintiff and Class members received fraudulent wage statements that failed to accurately reflect and compensate for the number of hours worked due to being paid at a straight time rate and time shaving for off-the-clock hours worked.

30. Defendants failed to provide Plaintiff and the Class members with proper wage notices at hiring and annually thereafter. Plaintiff did not receive any wage notice either upon being hired or annually since the date of hiring in violation of the NYLL.

31. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs, and Class members the proper overtime rate for hours worked in excess of forty (40) in each workweek.

32. Defendants knowingly and willfully operated their business with a policy of not paying spread of hours premium to Plaintiff and Class Members, in violation of NYLL.

33. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

34. Defendants failed to provide proper wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the NYLL.

35. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

36. Plaintiff realleges and reavers Paragraphs 1 through 35 of this Class and Collective action Complaint as fully set forth herein.

37. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

38. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

39. At all relevant times, BTTR BEAUTY LLC 1 d/b/a TOMY RIVERO BEAUTY LAB NAIL SALON had gross annual revenues in excess of $500,000.

40. At all relevant times, Defendants had a policy and practice of failing to pay proper wages for all hours worked.

41. At all relevant times, Defendants had a policy and practice of failing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff, and FLSA Collective Plaintiffs for hours worked in excess of forty (40) hours per workweek.

42. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

43. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked due to time shaving.

44. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

45. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime hours, when Defendants knew or should have known such was due.

46. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

47. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

48. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, unpaid overtime premiums, unpaid wages, including overtime, due to time shaving, plus an equal amount as liquidated damages.

49. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

50. Plaintiff realleges and reavers Paragraphs 1 through 49 of this Class and Collective Action Complaint as fully set forth herein.

51. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

52. Defendants willfully violated Plaintiff's, and Class members' rights by failing to pay them their proper wages, and overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours each workweek.

53. Defendants failed to pay Plaintiff and Class members for all hours worked due to time shaving.

54. Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay them a spread of hours premium for each workday that exceeded ten (10) or more hours.

55. Defendants failed to properly notify employees of their overtime rate, in direct violation of the NYLL.

56. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by NYLL. Defendants are required to provide

accurate and proper information on wage statements issued to employees in accordance with the NYLL. Defendants failed to satisfy the requirements under the NYLL because they did not accurately state the correct hourly rate, correct overtime rate, correct spread of hours rate, and all hours worked.

57. Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees with proper wage notices, at date of hiring and at dates of all wage changes thereafter, as required under NYLL.

58. Due to Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid wages, unpaid overtime premiums, unpaid wages, including overtime compensation, due to time shaving, spread of hour premiums, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages due under the FLSA and the NYLL;

d. An award of unpaid overtime premiums due under the FLSA and the NYLL;

e. An award of unpaid wages, including overtime, due to time shaving under the FLSA and the NYLL;

f. An award of unpaid "spread of hours" premium due under the NYLL;

g. An award of statutory penalties as a result of Defendants' failure to comply with NYLL wage notice and wage statement requirements;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages and overtime compensation pursuant to 29 U.S.C. § 216;

i. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages and overtime compensation for all hours of work, pursuant to the NYLL;

j. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

l. Designation of this action as a Class Action pursuant to F.R.C.P. 23;

m. Designation of Plaintiff as Representative of the Class; and

n. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: January 5, 2022

          Respectfully submitted,

By: */s/ C.K. Lee*
   C.K. Lee, Esq.

   LEE LITIGATION GROUP, PLLC
   C.K. Lee (CL 4086)
   Anne Seelig (AS 3976)
   148 West 24th Street, 8th Floor
   New York, NY 10011
   Tel.: 212-465-1188
   Fax: 212-465-1181
   *Attorneys for Plaintiff,*
   *FLSA Collective Plaintiffs, and the Class*